IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** TARANI A. JOHNSON<br>d/b/a SILVER APPLE, LLC<br>　　　　　　　　Debtor | Case No. 19 CV 3620<br>BKY. NO. 18-17342<br>**APPELLANT'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br>EMERGENCY HEARING REQUESTED |

**FILED**
**FEB 1 3 2020**
KATE BARKMAN, Clerk
By_____Dep. Clerk

**APPELLANT'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER, AND PRELIMINARY INJUNCTION**

*Pursuant to Rule 65 (a)(1) Federal Rules of Federal Rules of Civil Procedure*

COMES NOW APPELLANT, **TARANI A JOHNSON,** by and through **Johnson, Tarani-Alike**, pursuant to Rule 65 of the Federal Rules of civil Procedure, files *Verified Emergency Petition for Temporary Restraining Order and Preliminary Injunction against* alleged Creditor/Respondent *AVAIL LLC* and/or *AVAIL HOLDING LLC*.

Appellant respectfully moves this HONORABLE COURT for entry of a Temporary Restraining Order and Preliminary Injunction enjoining alleged Creditor/ Respondent AVAIL LLC and/or AVAIL HOLDING LLC ("AVAIL"), and all persons acting on its behalf, barring them from ANY and ALL administrative or court proceedings of Ejectment from Appellant's real property, Eviction from Appellant's real property, Hold Over Petition To Recover Possession of Appellant's real property, Pursuits of Money Judgement for "fair value Use and Occupancy" of Appellant's real property, Sale or Transfer of Ownership of the Deed or interest therein, partially or in whole of Appellant's real property located at 211 East Penn Street, Long Beach, New York 11561; property of Appellant's/Debtor's estate, pending entry by the Court of a final judgement in this action.

A temporary restraining order is appropriate to maintain the status quo.
Movant's home will be sold to a third party and Movant/Movant's family member; the current occupants are subject to eviction actions, without immediate intervention from this Court
This motion is supported by the memorandum appended hereto.

This motion is based on the following grounds:

(1)　　On November 5th, 2018 Appellant filed a Voluntary Bankruptcy Petition in the US Bankruptcy Court of the Eastern District of Pennsylvania in which an Automatic Stay in accordance to 11 USC §362 was implemented as to Debtor's/Appellant's Estate. At that time, all creditors, alleged creditors, or persons and/or agents and their agencies and/or companies, including *AVAIL*, were duly notified of such petition in accordance with the rules and law.

(2) Subsequently, on December 4, 2018, *AVAIL*, by and thru its counsel; Alan Weinreb, willfully and deliberately continued to violate the Automatic Stay and conducted a Sale in Foreclosure of Appellant's real property. The willful rejection of the Automatic Stay was furthered by *AVAIL* thru its counsel; Alan Weinreb when Appellant/Movant directly communicated with counsel via telephone conference on December 7, 2018 for the purposes of ensuring that his office received appropriate notice of the Bankruptcy filing as well as, for the requesting of the inappropriately conducted Foreclosure sale to be voided. At such time, Attorney Weinreb informed me that he did not have to follow or abide by any such order implemented by the Courts of the Eastern District of Pennsylvania.

(3) Previous counsel of record; Joshua L. Thomas has already began the process for the request of sanctions against *AVAIL* for such violations of the Automatic Stay and 24 additional UnClean Hand acts that were also violations to the Automatic Stay.

(4) **A Temporary Restraining Order and Preliminary Injunctive relief is required because *AVAIL* by way of the SHERIFF OF NASSAU COUNTY seeks to execute a Warrant of Eviction /Ejectment Order issued by the DISTRICT COURT NASSAU COUNTY; THE COUNTY OF NASSUA FIRST DISTRICT:HEMPSTEAD; LANDLORD-TENANT PART "To Recover Possession of Real Property" and Eject ALL Occupants 14 days from the posted door notice of February 6, 2020.** (See attached 14 Day *Notice to Vacate* EXHIBIT A).

(5) A Temporary Restraining Order and Preliminary Injunctive relief is necessary to prevent additional irreparable harm to Appellant's estate, security interest (i.e. Appellant's/Movant's interest in the Deed, Mortgage and Note), and **Equity of Redemption Rights**, as such actions seek to further compromise and circumvent the due process rights afforded to the Appellant under ***THE Constitution of The Commonwealth of Pennsylvania*** and that of ***THE CONSTITUTION OF THE united STATES OF AMERICA***, as well as interfere with the peaceful enjoyment of, access to, and possession of Appellant's real property co-owned with **Joycelyn Patricia Johnson**; the current inhabitant of the above said property.

(6) Unless enjoined by this Court, alleged Creditor/Respondent will continue in its pursuits of decreasing and diminishing the value of the Appellant's/Movant's estate, as well as disadvantage Appellant/Movant's **Equity of Redemption Rights** by way of loss of possession through its blatant and willful rejection of the law, rules, and jurisdiction of the Courts in the Eastern District of Pennsylvania.

In conclusion, the Court has Jurisdiction to grant this motion, and Appellant prays that this Honorable Court grant this petition to enjoin the alleged Creditor/Respondent AVAIL HOLDING, LLC and allow the cries of Justice to Prevail under the provisions set forth by the supreme Law of the Land; the *Constitution of the United States of America*.

RESPECTFULLY SUBMITTED this 13th day of February 2020.

By: _____, Appellant/Movant
johnson, tarani-alike d/b/a TARANI A JOHNSON
d/b/a SILVER APPLE, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: TARANI A. JOHNSON<br>d/b/a SILVER APPLE, LLC<br>Debtor | Case No. 19 CV 3620<br>BKY. NO. 18-17342<br>**APPELLANT'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

## ORDER

AND NOW, upon consideration of the Appellant's Motion for EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER , PERMANENT INJUNCTION, and PRELIMINARY INJUNCTION, *Pursuant to Rule 65 (a)(1) Federal Rules of Federal Rules of Civil Procedure* barring *AVAIL*, it agents, attorneys, and representatives, and all persons acting in concert or participating with them, from selling attempting to sell, or causing to be sold the property either under the power of sale in the deed, deed of trust/ mortgage , by foreclosure action, or otherwise.

FURTHERMORE, upon consideration of the Appellant's Motion for EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER , PERMANENT INJUNCTION, and PRELIMINARY INJUNCTION, *Pursuant to Rule 65 (a)(1) Federal Rules of Federal Rules of Civil Procedure* barring *AVAIL* from ANY and ALL administrative or court proceedings of Ejectment from Appellant's real property, Eviction from Appellant's real property, Hold Over Petition To Recover Possession of Appellant's real property, Pursuits of Money Judgement for "fair value Use and Occupancy" of Appellant's real property, Sale or Transfer of Ownership of the Deed or interest therein, partially or in whole of Appellant's real property, or any acts or deeds that seek to distinguish or diminish Appellant/Movant's **Equity of Redemption Rights** for the real property located at 211 East Penn Street, Long Beach, New York 11561; property of Appellant's/Debtor's estate, relating to the Bankruptcy Case of TARANI A JOHNSON ("Debtor); case No. 18-17342mdc, and United States District Court for the Eastern District of Pennsylvania; Court of Appeals, case No. 19 CV3620,

it is hereby ORDERED that:

    The motion is **GRANTED.**

Dated: _____

                                                                                 **Honorable Judge Eduardo Robreno**

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

AVAIL HOLDING, LLC
2100 Ponce De Leon Blvd
Suite 720
Coral Gables, Florida 33134

Vladimir Mironenko, Esq., Attorney for AVAIL HOLDING, LLC
Adam Leitman Bailey, P.C.
One Battery Park Plaza, 18th Floor
New York, New York 10004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: TARANI A. JOHNSON<br><br>    d/b/a SILVER APPLE, LLC<br><br>                     Debtor | Case No. 19 CV 3620<br>BKY. NO 18-17342<br>**APPELLANT'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

**FILED**

FEB 13 2020

KATE BARKMAN, Clerk
By_____Dep. Clerk

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving true and correct copies of the within **EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** upon parties in this case and the United States Trustee via USPS Certified Mail first class mail, Priority Express Mail and facsimile.

I declare certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct (28 U.S.C §1746).

*Parties Served via First Class Mail:*

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105
**USPS Cert Mail # 7019 1640 0000 6482 4426**

AVAIL HOLDING, LLC
2100 Ponce De Leon Blvd
Suite 720
Coral Gables, Florida 33134
**Fax # (305)456-2736**
**USPS Express Mail # EL 065 813 692 US**

Vladimir Mironenko, Esq.
Attorney for *AVAIL HOLDING, LLC*
Adam Leitman Bailey, P.C.
One Battery Park Plaza, 18th Floor
New York, New York 10004
**USPS Express Mail # EL 065 813 701 US**

Date: February 13, 2020

Respectfully submitted,

By:_____, Appellant
    **johnson, tarani-alike** d/b/a TARANI ALIKE JOHNSON
    d/b/a SILVER APPLE, LLC

# EXHIBIT A



**COUNTY OF NASSAU**
**SHERIFF'S DEPARTMENT**
240 OLD COUNTRY ROAD
MINEOLA, NY 11501-4245
516-571-2150
**VERA FLUDD**
SHERIFF

DISTRICT COURT – COUNTY OF NASSAU

Sheriff's File No.: 2060171

Petitioner

AVAIL HOLDING LLC
    -against-

JOYCELYN P JOHNSON, HERBERT WELCH, JOHN DOE, JANE DOE
                                Respondent,

# NOTICE TO VACATE

**TAKE NOTICE** that a final judgement has been entered in the above proceeding awarding the Petitioner possession of the real property which you now occupy, and that a warrant has been issued directing that the Petitioner be put in possession.

Please be advised that if you have not vacated the premises after fourteen days have elapsed from the date of the service of this notice, your possessions will be removed in compliance with the court order and stored at:

**NETWORK MOVING & STORAGE**
**972 NASSAU ROAD**
**UNIONDALE, N.Y. 11553**
**(516) 485 - 8600**

It will be your responsibility to contact the storage facility directly in order to get your possessions back. After thirty days from the date your property is removed, you will be responsible for any additional storage costs.

Sheriff of Nassau County

Dated: 2/6/2020
Mineola, N.Y.

By: _____
            Deputy Sheriff

Note: If you are a homeowner facing foreclosure and require assistance, please contact the Nassau County Office of Housing, Homeownership Center's Hotline at 516-571-HOME(4663) or email mabreu@nassaucountyny.gov

If you are a tenant and require legal assistance, contact the Nassau County Bar Association LawyerRef    ormation Service at 516-747-4832 or Nassau/Suffolk Legal Services at 516-292-8100

Nassau County District Court - 1st District
LANDLORD TENANT

Avail Holding LLC
vs.
Joycelyn P Johnson et al.

Index Number: LT-005165-19/NA



## WARRANT OF EVICTION

### TO THE SHERIFF OF NASSAU COUNTY

Final decision in favor of the petitioner(s) has been granted based on the judgment of possession entered in the Nassau County District Court - 1st District on 12/17/2019, which awarded the petitioner(s) the delivery of the premises:
(1) Avail Holding LLC

Therefore, you are commanded to remove the respondent(s) listed below:
(1) Joycelyn P Johnson
(2) Herbert Welch
(3) "John" "Doe"
(4) "Jane" "Doe"

From the following described premises, located in the County of Nassau and to put said petitioner(s) in full possession thereof.
(1) 211 E. Penn St., Long Beach, NY 11561
Said property is further described as: All rooms in upper level apartment

**Witness, Honorable James M. Darcy**
**District Court Judge**

Dated: 12/17/2019

Sequence 1A

_____
Honorable James M. Darcy
District Court Judge

**Earliest date upon which execution may occur is 12/31/2019.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: TARANI A. JOHNSON<br>d/b/a SILVER APPLE, LLC<br>　　　　　　　　　Debtor | Case No. 19 CV 3620<br>BKY. NO. 18-17342<br>APPELLANT'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

MEMORANDUM IN SUPPORT
OF EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

INTRODUCTION

On November 5th, 2018 Appellant filed a Voluntary Bankruptcy Petition in the US Bankruptcy Court of the Eastern District of Pennsylvania in which an Automatic Stay in accordance to **11 USC §362** was implemented as to Debtor's/Appellant's Estate. At that time, all creditors, alleged creditors, or persons and/or agents and their agencies and/or companies, including AVAIL HOLDING, LLC, were duly notified of such petition in accordance with the rules and law.

Subsequently, on December 4, 2018, AVAIL HOLDING, LLC, by and thru its counsel; Alan Weinreb, willfully and deliberately continued to violate the Automatic Stay and conducted a Sale in Foreclosure of Appellant's real property. The willful rejection of the Automatic Stay was furthered by AVAIL HOLDING, LLC thru its counsel; Alan Weinreb when Appellant directly communicated with counsel via telephone conference on December 7, 2018 for the purposes of ensuring that his office received appropriate notice of the Bankruptcy filing as well as, for the requesting of the inappropriately conducted Foreclosure sale to be voided. At such time, Attorney Weinreb informed me that he did not have to follow or abide by any such order implemented by the Courts of the Eastern District of Pennsylvania.

Appellant/Movant had already begun the procedure on moving for Sanctions against AVAIL HOLDING, LLC and tortious interference of a contract under the current Bankruptcy Case 18-17342mdc of which this Appeal significantly depends upon.

STANDARD OF REVIEW

In considering a Motion for a Temporary Restraining Order, "the Court must consider whether the Movant has met its burden of demonstrating that '(1) it has a substantial likelihood of succeeding on the merits; (2) it will suffer irreparable harm if the injunction is not granted; (3) other interested parties will not suffer substantial harm if the injunction is granted; and (4) the public interest would be furthered by the injunction. The standards for a temporary restraining order are the same as a motion for a preliminary injunction.

ARGUMENT

I. APPELLANT/MOVANT IS LIKELY TO PREVAIL ON THE MERITS.

*AVAIL HOLDING, LLC* by and through its agents and counsel, had the obligation and duty to adhere to the provisions set forth under **11 USC §362** as it regards to abiding to the enforcement of the the Automatic Stay implemented by the US Bankruptcy Court Eastern District of Pennsylvania; case No. 18-17342-MDC.

Instead, *AVAIL HOLDING, LLC* continued its willful rejection of the Bankruptcy Court's jurisdictional power and Stay provision by preceding against Appellant's/Movant's estate in several different courts with various unlawful proceedings. Plaintiff has egregiously committed 25 Unclean Hand acts that were direct violations of the Automatic Stay of which are of judicial record. During these acts, Plaintiff has intentionally and deliberately attempted to beguile several Courts (i.e. The Supreme Court of Nassau County, the US Bankruptcy Court of the Eastern District of New York, and the District Court of Nassau County; First District of Hempstead) to further its tortious interference of a contract between Appellant/Movant, co-owner; Joycelyn P. Johnson, and 1st Floor tenant. Appellant/Movant will prevail in her pursuit of Sanctions against AVAIL HOLDING, LLC, and its agents as the record is substantial and clear:

> An actual controversy has arisen and now exists between Debtor/Movant and alleged Creditor/Respondent regarding their respective rights and duties.

*Haggerty et al. v. Erie Co. Tax Cl. B*, 107 Pa. Commw. 265, 271 (Pa. Cmmw. Ct. 1987) ("Acts done in violation of the stay are void and without effect.")

II. APPELLANT/MOVANT WILL BE IRREPARABLY HARMED WITHOUT A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION.

In general, a court evaluates two interrelated factors in deciding whether to issue a TRO — i.e., "the likelihood that the plaintiff will prevail on the merits at trial" and "the interim harm that the plaintiff is likely to sustain if the [restraining order] were denied as compared to the harm that the defendant is likely to suffer if the [order] were issued"

*Ford Motor Credit Company v. Sebastopol Ford, Inc.*, No. C-07-1783 JSW (EMC) (N.D. Cal. Apr. 19, 2007)

In evaluating interim harm, the trial court compares the injury to the plaintiff in the absence of a restraining order to the injury the defendant is likely to suffer if an order is issued. ( *IT Corp.*, *supra*, 35 Cal.3d at pp. 69-70.) "'"[By] balancing the respective equities of the parties, [the court] concludes that, pending a trial on the merits, the defendant should or . . . should not be restrained from exercising the right claimed by him."'" ( *Id.* at p. 70.) *Church of Christ in Hollywood v. Superior Ct.*, 99 Cal.App.4th 1244, 1257 (Cal. Ct. App. 2002)

AVAIL HOLDING, LLC is seeking to eject current tenants, occupants, and inhabitants preventing the collection of rents, as well as to sell and/or transfer ownership of Appellant's/Movant's property to another 3rd party, all of which will grossly effect the Bankruptcy estate, security interest, private contracts, and **equitable**

**redemption rights** of which would also be a gross violation of the Fifth Amendment of the *Constitution for the united States of America*.

III. THE BALANCE OF HARMS SUPPORTS A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION.

AVAIL HOLDING, LLC has put forth **little to no** significant financial investment of lawful money or otherwise, into the premises in relation to Appellant/Movant who has significant financial investments, time, and labor and as it relates to the management, maintenance, and upkeep of premises.

The real estate property is a substantial part of the Appellant's/Debtor's Bankruptcy estate.

IV. THE PUBLIC INTEREST SUPPORTS A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION.

It is in the public interest to not allow such gross violations of the Bankruptcy Court's implemented Automatic Stays to be violated as such would encourage other bad actors to believe that the rule of Law and civility that is governed by the Courts are above reproach and unenforceable, thus creating a precedence in which chaos can ensue.

## CONCLUSION

WHEREFORE, Appellant/Movant prays and respectfully requests this Court grant Appellant's/Movant's Motion and issues a judgement for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, all enjoining alleged Creditors/Respondents; *AVAIL*, alleged Creditors/Respondents' agents, attorneys, and representatives, and all persons acting in concert or participating with them, from selling attempting to sell, or causing to be sold the property either under the power of sale in the deed, deed of trust/ mortgage , by foreclosure action, or otherwise.

FURTHERMORE, Appellant/Movant also respectfully requests a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction preventing alleged Creditor/Respondent; *AVAIL* and all persons acting on its behalf, barring them from ANY and ALL administrative or court proceedings of Ejectment from Appellant's real property, Eviction from Appellant's real property, Hold Over Petition To Recover Possession of Appellant's real property, Pursuits of Money Judgement for "fair value Use and Occupancy" of Appellant's real property, Sale or Transfer of Ownership of the Deed or interest therein, partially or in whole of Appellant's real property, or any acts or deeds that seek to distinguish or diminish Appellant/Movant's **Equity of Redemption Rights** for the real property located at 211 E Penn Street, Long Beach, New York 11561; property of Appellant's/Debtor's estate.

And, any further relief that the court may deem just and equitable.

RESPECTFULLY SUBMITTED this 13th day of Febuary 2020.

By:_____, Appellant/Movant
johnson, tarani-alike d/b/a TARANI A JOHNSON
d/b/a SILVER APPLE, LLC